JOHNSON, Respondent, *vs.* McCUNE, Appellant.

1. A statement, in a letter to a party sought to be retained as clerk of a boat then building, that the boat was expected out at a specified time, cannot be construed into a *guaranty* that she should be out at the time named, so as to enable the party to recover as for his services from that date.

*Appeal from St. Louis Court of Common Pleas.*

This was an action by Johnson to recover the worth of his services as clerk of a boat from April 1st to September 15, 1852. The petition stated that the defendant contracted with the plaintiff to take the place of clerk on the steamboat " Jennie Deans," which was then building, and that it was agreed that said boat should come out and commence running in the month of April, 1852 ; that the plaintiff, after being so retained and employed by the defendant, held himself in readiness to enter upon the duties of clerk from the 1st of April, 1852, but that said boat did not come out in the month of April, 1852, nor for some time afterwards ; that when she did come out and commence running, the defendant, without notice to plaintiff, employed another person to take the place of clerk ; and that, by relying upon the good faith of the defendant, the plaintiff was out of employment during the period for which he claimed to recover.

At the trial, the plaintiff, to prove the contract, offered in evidence the letter which is set out in the opinion of the court, and at the conclusion of the case, the defendant asked an instruction which is also set out in the opinion as to the effect of this letter. This instruction was refused, and to its refusal the defendant excepted. After verdict and judgment for the plaintiff, the defendant appealed. It is unnecessary to notice the other instructions or questions in the case.

*J. R. Shepley,* for appellant.

*L. Cooke,* (with *Glover & Richardson,*) for respondent.

RYLAND, Judge, delivered the opinion of the court.

The questions in this case involve the propriety of the instructions given and refused by the court below, and, in the opinion of this court, the second instruction which the defendant asked the court to give, and which the court refused to give, ought to have been given. That instruction is as follows :

" The letter of defendant of date of ——, is not a guaranty on the part of defendant that the Jennie Deans should come out in the month of April or at any specific time, nor does it operate as an agreement that said boat should come out in the month of April or at any other time."

This letter is as follows :

" St. Louis, February 7th, 1852.

" Mr. Willis C. Johnson :

" Dear sir—I named to you that the company would want your services, last fall, when you were about to leave, since which, we have made an arrangement with Captain Dean to take charge of the new boat, to be called the Jennie Deans, and you to go with him. You will please let us know, at your earliest convenience, if it will suit your arrangements to go on her. She will not be out as soon as her contract calls for, on account of the severity of the winter ; however, we expect her to be out in April. Yours, very respectfully,

" J. S. McCune."

Now, there is no proper mode of construction by which this letter can be made into a guaranty that the steamboat Jennie Deans would be out in the month of April ensuing the date of the letter, nor at any specific time, nor can it be construed into an agreement that the said boat would be out in April or at any other specific time. The court below ought, therefore, to have given this instruction. It was proper to give it, especially after those already given, and it was necessary in order to a correct and proper understanding of the case by the jury.

This case must be sent back, and it is deemed improper to comment upon the evidence and facts in proof. We reverse the judgment by reason of the refusal of the court below to give the above instruction. The other judges concurring.